UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Deans, | ) | C/A No. 3:12-662-CMC-JRM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| South Carolina Department Mental Health; Dr. Wadman; and Nurse Brooks, | ) ) ) ) | FOR PARTIAL DISMISSAL |
| Defendants. | ) ) | |

William Deans ("Plaintiff"), a *pro se* litigant, brings this civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff is civilly committed to the custody of the South Carolina Department of Mental Health ("SCDMH") pursuant to S.C. Code Ann. § 44-48-10, *et. seq*, as a sexually violent predator. The Complaint alleges a violation of Plaintiff's federal rights based on Defendants' failure to provide timely and proper medical care while Plaintiff was experiencing a heart attack. Plaintiff seeks declaratory relief against SCDMH, as well as monetary damages against Defendants Brooks and Wadman. The Complaint fails to state a claim against Defendants SCDMH and Brooks, so they should be dismissed as defendants in this case.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

**DISCUSSION**

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff names SCDMH as a defendant, however, SCDMH is not a "person" amenable to suit under § 1983.[2] The law is well-established that an agency of the state is not a "person" for purposes of liability under § 1983, and thus is not a proper defendant in a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendant SCDMH should be dismissed as a defendant in this action.

Plaintiff names Nurse Brooks as a defendant, and appears to claim she violated his constitutional right to reasonable care. Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The Fourteenth Amendment ensures that states will provide not only for the medical needs of those in penal settings, but for anyone restricted by a state from obtaining medical care on his own. *DeShaney v. Winnebago*, 489 U.S. 189, 200 (1989); *Youngberg*, 457 U.S. at 324.[3]

The factual allegations against Defendant Brooks are that on March 1, 2009, at 11:50 p.m.,

---

[2] The fact that SCDMH is not a "person" subject to suit under § 1983 was explained to Plaintiff in his prior lawsuit against SCDMH. *See Deans v. Magill*, C/A No. 3:11-1584-CMC-JRM, ECF No. 15 (D.S.C. Oct. 27, 2011).

[3] The Eighth Amendment deliberate indifference standard applies to convicted prisoners. To establish a constitutional violation under that standard, a plaintiff must show that prison officials were deliberately indifferent to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp*., 463 U.S. 239 (1983).

she "came to Plaintiff's assigned cell 219, opened the cell window, turned on the cell light and yelled out 'are you all right in there,' Plaintiff woke up startled out of a deep sleep, and asked her what she doing screaming in to the cell like that." ECF No. 1, page 4. Plaintiff claims that "from the moment of Defendant Brooks yelling in Plaintiff's window" on March 1, 2009, "through 3/4/09 Plaintiff's blood pressure was running high with a irregular heart beat." *Id*. Plaintiff alleges he was "put into cardiac arrest by Nurse Brooks." ECF No. 1, pages 10, 14. No further factual allegations are made against Defendant Brooks concerning any actions or inactions concerning care of Plaintiff while he was experiencing a heart attack. Plaintiff provides factual allegations of being startled out of sleep on March 4, 2009, at 5:15 a.m., by someone other than Nurse Brooks, and alleges that at 6:30 a.m. he fell as he attempted to get out bed, and, at that time, requested that his roommate notify the staff that he was having a heart attack. ECF No. 1 at 5. The Complaint narrates the events of March 4, 2009, which led to Plaintiff's hospitalization for a heart attack, but none of the allegations include actions or inactions by Defendant Brooks as to Plaintiff's medical care on March 4, 2009. Plaintiff characterizes Defendant Brooks' alleged action of yelling into his cell as "harassment" and "abuse," and claims that it violates his rights under the Fourteenth Amendment. ECF No. 1, pages 4, 13-14. The factual allegations against Defendant Brooks fail to state a claim for the violation of a right secured by the Constitution or laws of the United States. Although "intentionally harmful conduct may constitute a violation of the Fourteenth Amendment," it only includes "conduct that can be said to 'shock the conscience,'" and "negligence alone does not amount to a constitutional violation." *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001), quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Plaintiff's factual allegations concerning Defendant Brooks do not rise to the level of a constitutional violation, and therefore fail to state a claim under § 1983.

4

Defendant Brooks should be dismissed as a defendant in this action.

## RECOMMENDATION

Accordingly, it is recommended that Defendants SCDMH and Brooks be dismissed as defendants in this case, prior to service of process. The case will proceed against Defendant Wadman.

Joseph R. McCrorey
United States Magistrate Judge

May 24, 2012
Columbia, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).