IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William Deans, ) | C/A NO. 3:12-662-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of Mental ) | |
| Health; Dr. Wadman; and Nurse Brooks, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On May 25, 2012, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without service of process as to Defendants South Carolina Department of Mental Health (SCDMH) and Nurse Brooks. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. In response to the Report, Plaintiff filed a "Rule 41 Motion in Reply to Report and Recommendation for Partial Dismissal." ECF No. 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Report. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff contends in his objections that Defendant Brooks should not be dismissed from this matter as "Nurse Brooks did not take any action to report, caution, stop any other person from yelling in Plaintiff's cell window" on March 4, 2009. "Rule 41 Motion" at 2 (ECF No. 16). This conclusory assertion is without merit.[1]

This matter is dismissed without prejudice and without issuance and service of process as to Defendants SCDMH and Nurse Brooks. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 20, 2012

---

[1] Plaintiff contends that Brooks yelled into his window in the late evening hours of March 1, 2009, inquiring, "[A]re you all right in there," which Plaintiff contends "put [him] into cardiac arrest" three days later. Compl. at 10. Plaintiff also indicates in his complaint that he had "at that time a 17 year history of irregular heart beat, heart failure, and extreme PVC's [premature ventricular contraction]." *Id*. at 3.

2