IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William Deans, ) | Civil Action No.: 3:12-662-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Dr. Peggy Wadman, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff William Deans ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983, alleging that Defendant Dr. Peggy Wadman ("Defendant") violated his constitutional rights. (ECF No. 1). Plaintiff is involuntarily committed to the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent Predator ("SVP") pursuant to the South Carolina Sexually Violent Predator Act, South Carolina Code Annotated §§ 44-48-10 through 44-48-170. Defendant denies Plaintiff's allegations and has moved for summary judgment. (ECF No. 55).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D) of the District of South Carolina, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling and for a Report and Recommendation. On November 19, 2012, Defendant filed a motion for summary judgment. (ECF No. 55). Since Plaintiff is proceeding *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on November 20, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 57). Plaintiff filed his opposition to Defendant's motion for

summary judgment on January 22, 2013 (ECF No. 68). Defendant filed a reply (ECF No. 69) on January 29, 2013, and a supplemental affidavit to her reply on February 4, 2013. (ECF No. 70). On February 11, 2013 Plaintiff filed a sur reply. (ECF No. 74).

On May 14, 2013, Magistrate Judge Joseph R. McCrorey issued a detailed and comprehensive Report and Recommendation recommending that the Court grant Defendant's motion for summary judgment. The Magistrate Judge advised Plaintiff of the procedures for filing objections to the Report and Recommendation and of the serious consequences if he failed to do so. Plaintiff filed timely objections. (ECF No. 82). For the reasons set forth below, the Court adopts the Magistrate Judge's Report and Recommendation and grants Defendant's motion for summary judgment.

## BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on the matter and the Court incorporates and summarizes below in relevant part. Plaintiff, who is civilly committed as a sexual violent predator, filed this action on March 15, 2012, citing Dr. Peggy Wadman, SCDMH, and Nurse Brooks as Defendants. (ECF No. 1). On June 20, 2012, SCDMH and Nurse Brooks were dismissed from this action. (ECF No. 18).

On August 3, 2012, Plaintiff filed an amended complaint. (ECF No. 27). In his amended complaint, Plaintiff contends *inter alia* that Defendant acted with deliberate indifference to his medical needs and in violation of his due process and equal protection rights with regard to the medical treatment he was provided. Plaintiff asserts that Defendant should have known about his prior medical conditions, including heart failure, and that Defendant should not have put him in a holding cell for an hour and a half without

giving him a medical examination. Further Plaintiff contends that Defendant's failure to provide preventative medical attention directly or indirectly caused/contributed to the crippling of his left leg. (ECF No. 27 at 10-11). Plaintiff seeks declaratory relief as well as monetary damages.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination rests with the Court. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation of the Magistrate Judge to which specific objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 363(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* After conducting a *de novo* review of Plaintiff's objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that Defendant's motion for summary judgment should be granted.

## DISCUSSION

After considering the parties' submissions, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment as Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Specifically, the Magistrate Judge determined that: (1) Plaintiff failed to show that Defendant was

deliberately indifferent to any of his serious medical needs and to the extent Plaintiff alleges a claim based on a delay in treatment, he failed to show that the delay resulted or created a substantial risk of harm;[1] (2) Plaintiff failed to establish an equal protection violation because he failed to show that he was treated differently than any other resident in a situation similar to his and he has not shown that any unequal treatment was due to intentional or purposeful discrimination; (3) Plaintiff failed to make the necessary showing for any claim based on the theory of respondeat superior; and (4) Defendant is entitled to Eleventh Amendment Immunity in her individual capacity.  Plaintiff filed objections to the Report and Recommendation (ECF No. 82) and this Court will consider them here.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are not entirely clear.  However, the Court has attempted to broadly group Plaintiff's objections based on their central themes for the purposes of discussion here. Plaintiff: (1) "specifically objects" to the Report and Recommendation for "clumping the sequents [sic] of events" thus making it appear that he suffered no harm and received adequate medical care; (2) objects to the Magistrate Judge's conclusion that Plaintiff failed to establish a claim for deliberate indifference; and (3) objects to the Magistrate Judge's recommendation that Defendant is entitled to qualified immunity in her individual capacity.  Plaintiff's objections are followed by recitations of select portions of the Magistrate Judge's Report and Recommendation along with conclusory allegations and narratives that attempt to set forth disputed issues of fact.  Plaintiff has also attached the affidavit of Michael Farrow in support

---

[1] The Magistrate Judge determined that at most Plaintiff's claim amounted to a disagreement with the type and amount of medical treatment and a disagreement as to the proper treatment to be received does not in and of itself amount to a constitutional violation.

of his objections. (ECF No. 82-1). Despite these objections, the Court, after a *de novo* review, finds no error in the Magistrate Judge's recommendation.

The Court has reviewed the objections and responses in light of the record in this case. While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revenue v. Mass. Gen. Hosp.*, 463 U.S. 239, 246, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). The Plaintiff here, however, is a civilly committed resident of the SVPTP and not a prisoner. Thus, "the court does not examine his claim under the Eighth Amendment's proscription against cruel and unusual punishment, but rather under the Fourteenth Amendment's requirement of due process." *See Youngberg v. Romeo*, 457 U.S. 307, 325, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (determining that the Fourteenth Amendment was the appropriate source of constitutional rights for an individual involuntarily committed in a state institution). In doing so, the Court must "balance 'the liberty of the individual' and 'the demands of an organized society,'" while giving great deference to the judgment of the professional. *Id.* at 320 (*quoting Poe v. Ullman*, 367 U.S. 497, 542, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting)). Accordingly, "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323 (citations omitted). While the Fourteenth Amendment does require states to provide medical care for anyone restricted by the state

from obtaining care on his own, *Id.* at 324, an individual's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

In this matter, the record indicates that on March 4, 2009, at 6:45 a.m., the Defendant directed (in a phone order) that Plaintiff's blood sugar and EKG be taken; Defendant was to be called with the results; Plaintiff was to be placed on observation until seen by the nurse practitioner; and if there were any changes in Plaintiff's condition (including, numbness, or tingling), he should be sent to the emergency room. (ECF No. 55-2 at 3). Plaintiff's EKG and blood test results were normal. After receiving the results from Plaintiff's tests, the Defendant, using her professional judgment, believed that observation of his condition by the nursing staff would be sufficient until the nurse practitioner arrived to further evaluate the situation. (ECF No. 55-2 at 6).

Although, in the amended complaint Plaintiff appears to disagree with the medical treatment provided by Defendant's orders, Plaintiff fails to provide evidence to support his assertions and the medical records from the hospital fail to do so as well. Even after drawing all inferences in a light most favorable to Plaintiff, as this Court must, the Court finds that the evidence in the record shows that Defendant was not deliberately indifferent to Plaintiff's medical condition. A plaintiff "who claims a delay in medical treatment rose to a constitutional violation must provide verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994). Decisions of medical professionals are presumptively valid, and Plaintiff offers no evidence to rebut them. *Youngberg*, 457 U.S. at 323. Accordingly, the Magistrate Judge's recommendation is proper, and Plaintiff's

objections are overruled.

## **CONCLUSION**

The Court has thoroughly reviewed the entire record, including the motion for summary judgment, the Report and Recommendation, objections to the Report and Recommendation, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report and Recommendation to the extent it is not inconsistent with this Order. Defendant's motion for summary judgment is GRANTED. (ECF No. 55).

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

November 14, 2013
Spartanburg, South Carolina